21409

Stewart Russell BUCHANAN, Appellant, v. STATE of South Carolina, Respondent.

(276 S. E. (2d) 302)

*Deputy Appellate Defender Vance J. Bettis,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. William K. Moore* and *State Atty. Donald J. Zelenka,* Columbia, *for respondent.*

March 11, 1981.

LEWIS, Chief Justice:

Appellant, represented by retained counsel, entered, in September 1973, a plea of guilty to murder and received a sentence of life imprisonment, the maximum punishment for the offense at that time. In July 1979, approximately six (6) years later, appellant filed a petition for post conviction relief, alleging that (1) he was denied effective assistance of counsel and 2) his plea of guilty to murder was not freely

and voluntarily made. This appeal is from the order of the trial court denying appellant's petition. We affirm.

At the outset we must determine whether, as contended by appellant, the trial court was without jurisdiction to hear his petition for post conviction relief because it was heard in Union County, and not in York County where his conviction occurred. Appellant argues that the provisions of Section 17-27-80, 1976 Code of Laws of South Carolina confer subject matter jurisdiction of the case in York County. The relevant portion of this Code section states:

"The application (meaning post conviction application) shall be heard in, and before any judge of, a court of competent jurisdiction in the county in which the conviction took place."

Appellant's petition for post conviction relief was filed in York County where he was convicted, but was heard in Union County by the presiding judge at a nonjury term of court called for the Sixteenth Circuit which is made up of Union and York Counties. No objection was entered by appellant to hearing this matter in Union County until the hearing had been completed and the judge announced his decision. After the decision had been announced appellant then moved to vacate the entire proceedings because the matter had not been heard in York County pursuant to Code Section 17-27-80, *supra*. The trial judge denied the motion and appellant challenges that ruling.

The State (respondent) takes the position (1) that Code Section 17-27-80 is a venue statute and that appellant waived venue by failing to raise the issue until after the hearing was completed; and (2) that, irrespective of waiver, the judge presiding in Union County had both venue and jurisdiction to hear the case. Appellant, on the other hand, contends that the statute is mandatory and confers subject matter jurisdiction on the court in York County to hear this

case, relying on the principle that subject matter jurisdiction cannot be waived.

We conclude however, irrespective of the issue of waiver, that the trial judge assigned to hold court in Union County had the power to hear the present post conviction application filed in York County.

The jurisdiction of a regular or special judge to hear, in general nonjury matters, including post convictiton applications arising in the circuit to which he is assigned is not questioned. See Section 14-5-350, 1976 Code of Laws of South Carolina.. Appellant only contends that Section 17-27-80 requires that post conviction applications be heard *in the county in which the applicant was convicted.*

We do not construe Code Section 17-27-80 to mandate that post conviction applications be actually heard "in the county in which the conviction took place." Rather, the section says that the post conviction application shall be "heard in" a court of competent jurisdiction and "before" any judge of a court of competent jurisdiction "in the county in which the conviction took place." The phrase "in the county in which the conviction took place" modifies or refers to jurisdiction in the county and not the location of the place of trial. Therefore, the directions of this statute are fully met if the post conviction application is heard before a judge who has jurisdiction to pass upon matters arising in the Court of Common Pleas of York County (a court of competent jurisdiction in that county to entertain post conviction applications).

The judge in this case, as a presiding judge in the Sixteenth Circuit, of which York County is a part, had the power and jurisdiction to determine nonjury matters. A post conviction application is a nonjury matter and the trial judge, therefore, had the power and jurisdiction, as the presiding judge, to hear and determine this post conviction matter at his chambers within the circuit.

The fact that the trial judge heard circuit wide post conviction matters at a scheduled nonjury term is of no consequence. His jurisdiction to hear nonjury matters was the same whether his status is designated as presiding judge over a nonjury term or as sitting at chambers.

The remaining questions are without merit and present no issues of precedential value. They are accordingly dismissed under Rule 23 of the Rules of this Court.

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.